UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RICO RAYSHON RAINEY                                                                          Petitioner

v.                                                                              Civil Action No. 3:19-cv-P939-RGJ

COMMONWEALTH                                                                              Respondent

\* \* \* \* \*

**MEMORANDUM OPINION**

    Petitioner Rico Rayshon Rainey filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court must conduct a preliminary review of the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon review of the petition, the Court concludes that it must be dismissed.

    On the first page of the § 2254 form, Petitioner indicates that he was sentenced to two years imprisonment on October 17, 2015, in Jefferson Circuit Court Case No. 15CR002836. Later in the form, however, he states, "I got Aquitted. Court had me in Trail Befor I could protest, why havent any thing been drop in a Hearing befor Trail." He indicates that the court's decision was rendered on March 9, 2017,[1] and contends that he had to stay overnight and was not released until the next night because "P.D made me drop a complaint to get out so He could become a paid lawyer."

---

[1] Review of the Jefferson Circuit Court docket sheet reveals that Petitioner was indicted on two counts of Robbery in the First Degree on October 26, 2015, and was found not guilty on March 6, 2017, following a jury trial. *See* docket sheet, 15CR002836.

Under § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" (emphasis added).  Here, Petitioner is not "in custody pursuant to the judgment of a State court" in 15CR002836 as he has been acquitted of the charges in that case.  Petitioner, therefore, is not entitled to habeas relief, and the petition will be dismissed.

Before Petitioner may appeal this Court's decision, a certificate of appealability (COA) must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. at 484.  When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*  The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable or wrong.  A COA must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
            Frankfort, KY 40601
A961.005